UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/2021
```

UNITED STATES OF AMERICA,

      -v.-

AKEEM KRUBALLY,

              Defendant.

20 cr 616 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

     Defendant Akeem Krubally ("Defendant") was charged by Complaint on August 24, 2020, with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 2.) On January 14, 2021, Defendant filed motions to dismiss, suppress, and for a hearing. For the following reasons, Defendant's motion for a hearing is GRANTED and Defendant's motions to dismiss and suppress will be decided after a hearing is held.

## BACKGROUND

     The following facts are drawn from the docket and the parties' briefs and are undisputed, unless otherwise indicated.

     On the night of August 21, 2020, Defendant and two female friends were sitting in a parked car ("the Jeep"). (ECF No. 22 ¶ 3-4.) Defendant and his friends are black. (ECF No. 22 ¶ 12.) Defendant sat in the rear seat, on the driver's side of the Jeep. (ECF No. 22 ¶ 4.) An unmarked police car pulled up next to the Jeep. (ECF No. 22 ¶ 5.) Defendant indicates that the "passenger side police officer asked me something to the effect of how my night was going. I respectfully answered." (ECF No. 22 ¶ 5.) The Government indicates that Defendant initiated the conversation by rolling down his window and asking "Yo, ya'll good?" (ECF No. 24 at 1.)

The officers in the police car allege that they observed visible smoke, smelled marijuana, and witnessed the front-seat passenger of the Jeep pass an unknown object to Defendant. (ECF No. 23-1 at 2.) Defendant and the driver of the Jeep provided declarations under penalty of perjury indicating there was no marijuana smoking in the car. (ECF No. 22 ¶ 10-12; ECF No. 25-1 ¶ 5) ("I have been told by Akeem's lawyer that the police say they smelt marijuana coming from the car. This did not happen. No one in the car was smoking that night and I would never smoke in my father's vehicle.") Defense Counsel indicates that he spoke with both women who were in the Jeep and they affirmed that there was no marijuana smoking. (ECF No. 21 ¶ 8.) Defendant indicates the Jeep's occupants were merely listening to music and he believes the officers' marijuana claims were pretextual. (ECF No. 22 ¶ 11.)

The police car pulled forward in front of the Jeep, with the intent of performing a *Terry* stop,[1] and two officers exited the vehicle. (ECF No. 22 at ¶ 5; ECF No. 24 at 2.) Defendant then exited the Jeep and began to walk away in the opposite direction. (ECF No. 22 ¶ 6; ECF No. 24 at 2.) Defendant's declaration and the Government's brief indicate that an officer then yelled at Defendant to stop and Defendant began to run away. (ECF No. 22 ¶ 7; ECF No. 24 at 2.) However, Defendant's brief clarifies that Defendant continued to walk away until an officer ran after Defendant, at which point Defendant began to run. (ECF 25 at 1 ("It is only when Krubally realizes Officer Scimia is running after him does the defendant begin to flee.").) Defense Counsel offers a surveillance video to corroborate his claim that of Defendant ran *after* being chased by an officer. (ECF No. 23-2.) An officer chased Defendant and tackled him to the

---

[1] Under *Terry v. Ohio*, 392 U.S. 1 (1968), "a police officer may briefly detain an individual for questioning if the officer has 'a reasonable suspicion that the individual is, has been, or is about to be engaged in criminal activity.'" Such a stop is referred to as a *Terry* stop.

ground. (ECF No. 22 at 8; ECF No. 24 at 2.) A gun fell out of Defendant's bag during the tackle. (ECF No. 22 at 8; ECF No. 24 at 2.)

On August 24, 2020, Defendant was charged with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The gun seized following the tackle is the primary evidence for the charge. On January 14, 2021, Defendant filed motions to dismiss, suppress, and for a hearing. (ECF No. 20.) Defendant argues that there was no marijuana in the vehicle and that the officers seized Defendant when officers blocked the Jeep and/or when an officer tackled Defendant without reasonable suspicion, in violation of the Fourth Amendment. As such, Defendant argues that the Court should suppress the gun evidence and dismiss the case, or in the alternative, hold a hearing to resolve critical factual disputes. (ECF No. 23 at 5.)  The Government argues that Defendant was only seized when he was tackled and that officers had sufficient reasonable suspicion due to Defendant's flight in a high-crime area.[2] As such, the Government argues a hearing is unnecessary.

## STANDARD

The Fourth Amendment to the United States Constitution protects citizens' "persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A person is seized either when physical force is applied to the person or a person submits to law enforcement's assertion of authority. *California v. Hodari D.*, 499 U.S. 621, 626 (1991).

Under *Terry v. Ohio*, 392 U.S. 1 (1968), "a police officer may briefly detain an individual for questioning if the officer has 'a reasonable suspicion that the individual is, has been, or is about to be engaged in criminal activity.'" *United States v. Padilla*, 548 F.3d 179, 186 (2d Cir.

---

[2] The Government also argues that the officers' observation of marijuana smoke and odors also support a finding of reasonable suspicion; however, the Government argues that the marijuana observations are unnecessary because flight in a high-crime area is sufficient in and of itself.

2008) (quoting *United States v. Villegas*, 928 F.2d 512, 516 (2d Cir. 1991)). An officer has a reasonable suspicion when he or she is "aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion." *United States v. Brignoni-Ponce*, 422 U.S. 873, 884 (1975). "[T]he amount of suspicion needed to justify the encounter is less than a 'fair probability' of wrongdoing, and 'considerably less than proof of wrongdoing by a preponderance of evidence.'" *Padilla*, 548 F.3d at 186-87 (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)). "Moreover, such a stop must be 'justified at its inception.' Any events that occur after a stop is effectuated cannot contribute to the analysis of whether there was reasonable suspicion to warrant the stop in the first instance." *United States v. Freeman*, 735 F.3d 92, 96 (2d Cir. 2013) (quoting *Terry*, 392 U.S. at 20).

"An evidentiary hearing on a motion to suppress ordinarily is required only if 'the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question.'" *United States v. Filippi*, 2013 WL 208919, at *9 (S.D.N.Y. Jan. 16, 2013) (quoting *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992)). A defendant may not rely on "bald assertions," and "[w]ithout specification of the factual basis" that supports suppression, "the district court is not required to have a hearing." *United States v. Mathurin*, 148 F.3d 68, 69 (2d Cir. 1998); *see also United States v. Viscioso*, 711 F. Supp. 740, 745 (S.D.N.Y. 1989) ("A hearing is not required if the defendant's statements are general, conclusory or based on conjecture."). Moreover, although the Government's reliance on "unsworn statements" in its Memorandum of Law may generally not be enough for a court to make a finding of fact, *see United States v. Marquez*, 367 F. Supp. 2d 600, 603 (S.D.N.Y. 2005), a defendant nevertheless bears the initial burden of establishing, by an affidavit of someone with personal knowledge of the underlying facts, that there are, in

fact, disputed issues of material facts, *Viscioso*, 711 F. Supp. at 745 (citing *United States v. Caruso*, 684 F. Supp. 84, 87 (S.D.N.Y. 1998)). "[A]n attorney's affidavit, absent personal knowledge[,] is insufficient to justify a suppression hearing." *United States v. Cook*, 348 F. Supp. 2d 22, 28 (S.D.N.Y. 2004).

## DISCUSSION

There are two potential seizures in this case. Both parties agree that Defendant was seized when he was tackled by law enforcement. (ECF No. 23 at 1; ECF No. 35 at 3.) Additionally, Defendant argues, and the Government disputes, that Defendant was seized when law enforcement attempted to box in the Jeep to conduct a *Terry* stop. (ECF No. 23 at 4; ECF No. 25 at 4-5.)

A seizure necessitates, at a minimum, reasonable suspicion to comply with the Fourth Amendment. *United States v. Tehrani*, 49 F.3d 54, 58 (2d Cir. 1995) (summarizing the three levels of interaction between government and private citizens: (1) consensual encounters, which generally require no suspicion, (2) brief, investigatory detentions, which require reasonable suspicion, and (3) arrests, which require a showing of probable cause). There is a critical dispute of fact as to whether the officers had reasonable suspicion at the time each alleged seizure occurred.

## I.      Blocking of the Jeep

The Government points to the officers' observation of marijuana smoke and odors, as well as the passing of an unknown object to Defendant to justify blocking the Jeep. However, Defendant offers declarations made under penalty of perjury from both Defendant and the driver of the Jeep stating that no marijuana smoking occurred in the Jeep. As such, if the Court were to determine that the blocking of the Jeep constituted a seizure, a hearing as to whether the officers observed the alleged marijuana conduct would be warranted.

## II.      Tackling of Defendant

Further, the Government points to Defendant's flight in a high-crime area and the officers' marijuana observations to justify an officer chasing and tackling Defendant. However, both the circumstances of Defendant's flight and the officers' marijuana observations are disputed. Defendant and the officers involved indicate that Defendant began to run after an officer told him to stop. Defense Counsel clarifies that surveillance video shows Defendant walking away and running only after an officer began chasing Defendant. Headlong flight "is the consummate act of evasion," and case law indicates that "unprovoked flight" in a high-crime area may constitute reasonable suspicion. *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000). *See also United States v. Muhammed*, 463 F. 3d 115 (2d Cir. 2006). However, the facts alleged by Defense Counsel, and supported by the surveillance video, are somewhat different from the facts in *Wardlow*, where the defendant's flight occurred after defendant merely noticed the presence of officers patrolling an area known for narcotics trafficking and *Muhammed*, where the defendant's "evasive conduct" in a high-crime area, in combination with a very detailed anonymous tip, created reasonable suspicion.[3] In addition, for the same reasons explained above, there is a critical dispute of fact as to whether the officers involved observed marijuana.

Therefore, it is the Court's determination that a suppression hearing is warranted to resolve these critical issues of fact.

---

[3] In *Wardlow*, the Supreme Court found that unprovoked flight in a high-crime area justified "reasonable suspicion." In making the determination, the Court remarked that "unprovoked flight is simply not a mere refusal to cooperate" and that while "an individual has a right to ignore the police and go about his [or her] business," flight, "by its very nature is not 'going about one's business.'" *Wardlow*, 528 U.S. at 125. However, whereas Wardlow was standing next to a building and fled immediately upon seeing the police, Defendant in this case was sitting in a friend's Jeep and chose to walk away from the encounter when the Jeep remained parked after being blocked by officers. The facts of what occurred next are disputed, but Defendant's conduct is not precisely the "unprovoked flight" described in *Wardlow* and Defense Counsel's alleged version of events may more closely resemble an individual's attempt to exercise his right to ignore the police and refuse to cooperate.

**CONCLUSION**

For the foregoing reasons, Defendant's motion for a hearing is GRANTED and Defendant's motions to dismiss and suppress will be decided following a hearing. An evidentiary hearing will be held to determine whether officers observed marijuana smoke and/or odors in the Jeep and the circumstances surrounding Defendant's flight from officers. The evidentiary hearing will be scheduled during the status conference currently scheduled for March 19, 2021 at 10:30 AM.

Dated:   February 25, 2021                                SO ORDERED:

White Plains, New York

NELSON S. ROMÁN

United States District Judge